**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **VIAAS, INC.,** | |
| **Plaintiff,** | **Civil Action No. 2:25-cv-01048** |
| **v.** | |
| **VIVINT, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, VIAAS, Inc., ("VIAAS" or "Plaintiff"), files this Original Complaint for Patent Infringement against Vivint, LLC ("Vivint" or "Defendant"), and would respectfully show the Court as follows:

**PRIOR LAWSUITS**

1. VIAAS previously sued Vivint on October 6, 2022. The case was dismissed for lack of standing due to an assignment issue.[1] VIAAS corrected the assignment issue and filed a new, different lawsuit on August 30, 2024, in the Eastern District of Texas, as cause number 2:24-cv-000713. Counsel for defendant alleged a further assignment issue for one of the patents-in-suit[2] and while VIAAS believed the assignments were viable, VIAAS elected to dismiss the lawsuit and seek a declaration of rights concerning its patents, including United States Patent No. 8,558,888. On October 6, 2025, Honorable Bruce W. Bain of the 165th Judicial District Court of Harris County, Texas, issued an order declaring that a July 2, 2025, nunc pro tunc assignment[3]

[1] Ex E at 80-99/99.
[2] United States Patent No. 8,558,888.
[3] Ex. E at 3-6/99 (with 7-99/99 being the exhibits to the July 2, 2025, nunc pro tunc assignment).

was effective to assign to VIAAS all right, title and interest in United States Patent Nos. 8,558,888 and 8,194,174.[4]

## PARTIES

2. Plaintiff is a Texas corporation located in Harris County, Texas.

3. On information and belief, Defendant is a Utah corporation with a principal address of 4931 North 300 West, Provo, Utah 84604 and has regular and established places of business throughout this District, including at least at 5212 Tennyson Pkwy Ste 150. Plano, TX 75024. *See* https://www.vivint.com/locations/texas/plano. The Vivint website shows, among other things, a longhorn with the text of "Home Security Systems; Plano, Texas."




4. Defendant is registered to do business in Texas and may be served via its registered agent at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, at its place of business, or wherever else they may be found.

5. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

---

[4] Ex. E at 1/99.

**JURISDICTION**

6. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

7. This United States District Court for the Eastern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

8. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

9. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

10. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has

minimum contacts with this forum because of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Eastern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Eastern District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 5212 Tennyson Pkwy Ste 150. Plano, TX 75024, and directly and through agents regularly does, solicits, and transacts business in the Eastern District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

11. For example, the Vivint website, at https://www.vivint.com/locations/texas/plano, also shows the Plano, TX address under the title "Vivint Plano Service Area," including various services offered like "24/7 Monitoring," "Custom System," and "Professional Installation":

Vivint Plano
Service Area


24/7 MONITORING


CUSTOM SYSTEM


PROFESSIONAL INSTALLATION

Vivint
5212 Tennyson Pkwy Suite 150
Plano, TX 75024
214.910.2023

Service Hours
Mon-Fri 8am-8pm CT

Call us today!
Mon-Fri 6am-11pm MT
Saturday 9am-9pm MT
Sunday 7am-9pm MT
214.910.2023

12. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

13. The amount in controversy exceeds $75,000 exclusive of interests and costs.

14. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at the address 5212 Tennyson Pkwy Ste 150. Plano, TX 75024.

**THE PATENTS-IN-SUIT**

15. On October 15, 2013, United States Patent No. 8,558,888 ("the '888 Patent"), entitled "Bandwidth shaping client to capture, transform, cache, and upload images from a remote point of recordation to a network service" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '888 Patent claims patent-eligible subject matter and is valid and enforceable. VIAAS is the exclusive owner by assignment of all rights, title, and interest in the '888 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '888 Patent. Defendant is not licensed to the '888 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '888 patent whatsoever. A true and correct copy of the '888 patent is attached hereto as **Exhibit A**.

16. The '888 patent describes a system that enables efficient video surveillance by capturing, processing, and transmitting data from security cameras installed at various points. The system comprises several interconnected circuits and components. The patent describes a specific, practical application of a surveillance system that involves various physical components (such as digital cameras, processors, storage devices) and processes (such as video compression, event detection, data encryption). The claims include specific methods for handling the challenges of transmitting large volumes of video data over potentially unreliable and low-bandwidth networks.

17. On October 18, 2016, United States Patent No. 9,472,069 ("the '069 Patent"), entitled "Detecting, recording, encrypting and uploading representations of events of interest via a single point of recordation terminal (port)" was duly and legally issued by the USPTO. The '069 Patent claims patent-eligible subject matter and is valid and enforceable. VIAAS is the exclusive owner by assignment of all rights, title, and interest in the '069 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future

damages for infringement of the ’069 Patent. Defendant is not licensed to the ’069 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the ’069 patent whatsoever. A true and correct copy of the ’069 patent is attached hereto as **Exhibit B**.

18. The ’069 patent describes methods and apparatuses for detecting, recording, encrypting, and transmitting video or still images of events of interest using a Point of Recordation Terminal (PORT). The system is designed to work efficiently over networks, including low-bandwidth and unreliable connections, and ensures the secure transmission and storage of data.

19. The ’888 Patent and the ’069 Patent are referred to herein as the “Patents-in-Suit” or “Asserted Patents.”

20. The Patents-in-Suit involve the tangible transformation of video data from a raw captured state to a processed, compressed, and securely stored form. Additionally, the inventions address specific technical problems related to the management of video data transmission and storage, offering a concrete solution that goes beyond a mere idea or concept.

21. The functionality of the Patents-in-Suit is achieved through a combination of hardware (e.g., cameras, processors, storage devices) and software (e.g., motion detection algorithms, data compression techniques) that work together in a novel way to provide a reliable, secure, and efficient video surveillance system. Therefore, the patents are tied to a specific, real-world technological implementation.

22. Plaintiff VIAAS is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

23. The term “Accused Instrumentalities” or “Accused Products” refers to, by way of example and without limitation, Vivint’s Home Security System (*e.g.*

https://www.vivint.com/packages/home-security) and its uses thereof by Vivint's customer and testing. The charted method claims are directed towards the elements of Vivint's Home Security System that are used by Vivint's customers or in testing. Direct infringement of the method claims by Vivint is established because Vivint infringes vicariously by profiting from its customers use of the various Vivint Home Security Systems. Stated another way, Vivint controls both the manner and timing of infringement. Vivint provides services, denoted as "Packages", https://www.vivint.com/how-to-buy, that its customers can use to practice the infringing methods. Vivint benefits from its customer's use by selling and/or renting the equipment and further by providing service plans at various prices that allow its customers security protection by performing steps controlled by Vivint.

24. Vivint further controls its customers performance of the claimed methods by providing custom installation: https://www.vivint.com/professional-security-system-installation. Vivint connects by wiring or connectivity various elements that cause its customers use of those elements to infringe the method claims of the Asserted Patents in the United States.

25. Vivint further controls the nature and timing of infringement by requiring its customers to agree to certain Terma and Conditions: https://www.vivint.com/professional-security-system-installation




Vivint requires its customers to agree to minimum purchases to receive the benefits of the security system: https://www.vivint.com/legal/terms-and-conditions

## Pricing

Purchase of a Vivint system requires minimum $29.99/month services agreement in conjunction with minimum $599.99 equipment purchase. Prices, discounts and promotions are subject to change without notice. $199 installation fee applies. Monthly $1.48 cellular network maintenance fee applies. DIY system purchases and reactivations of previously-installed systems may not be eligible for certain offers.

**COUNT I**
**PATENT INFRINGEMENT OF THE '888 PATENT**

26. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

27. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '888 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products. Infringement of the method claims is illustrated through Defendant's direction and control of its customers' performance of each method step, such that all steps of the method are attributable to Defendant, as illustrated in the Accused Instrumentalities section.

28. On information and belief, Defendant has made no attempt to design around the claims of the '888 Patent.

29. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '888 Patent were invalid.

30. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

31. The claim chart attached hereto as **Exhibit C** describes how the elements of an exemplary claims 1, 2, 3, 4, and 9 from the ’888 Patent are infringed by the Accused Products.

32. The chart provides details regarding only one example of Defendant’s infringement. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court’s scheduling order in this case.

33. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others ((e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, including through installation services of various Vivint Security Systems and Do It Yourself (“DIY”) instructions, (e.g., systems and methods related to security systems) such as to cause infringement of one or more of claims of the ‘888 patent, literally or under the doctrine of equivalents. Defendant’s acts constituting induced infringement are explained in paragraphs 22-24, under Accused Instrumentalities. Moreover, Defendant has known of the ‘888 patent and the technology underlying it at least the issuance date of the ‘888 patent, on information an belief but no later than an earlier lawsuit dated October 6, 2022, filed in the Western District of Texas as cause number 6:22-cv-001052.[5] For clarity, direct infringement is previously alleged in this complaint.

34. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and methods related to security systems) such as to cause infringement of one or more of claims ‘888 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the ‘888 patent and the

[5] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

technology underlying it at least the issuance date of the '888 patent, on information an belief but no later than an earlier lawsuit dated October 6, 2022, filed in the Western District of Texas as cause number 6:22-cv-001052.[6] For clarity, direct infringement is previously alleged in this complaint. The products and services are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website, Vivint.com, Defendant offers the products and/or services with instruction or advertisement that suggests an infringing use. Defendant's acts constituting contributory infringement are explained in paragraphs 22-24, under Accused Instrumentalities.

35. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '888 patent.

**COUNT II**
**PATENT INFRINGEMENT OF THE '069 PATENT**

36. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

37. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '069 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products. Infringement of the method claims is illustrated through Defendant's direction and control of its customers' performance of each method step, such that all steps of the method are attributable to Defendant, as illustrated in the Accused Instrumentalities section

[6] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

38. On information and belief, Defendant has made no attempt to design around the claims of the ’069 Patent.

39. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the ’069 Patent were invalid.

40. On information and belief, Defendant’s Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

41. The claim chart attached hereto as **Exhibit D** describes how the elements of an exemplary claims 1, 15, and 16 from the ’069 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant’s infringement. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court’s scheduling order in this case.

42. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, including its installation services of various Vivint Security Systems and Do It Yourself (“DIY”) instructions, (e.g., systems and methods related to security systems) such as to cause infringement of one or more of claims of the ‘069 patent, literally or under the doctrine of equivalents. Defendant’s acts constituting induced infringement are explained in paragraphs 22-24, under Accused Instrumentalities. Moreover, Defendant has known of the ‘069 patent and the technology underlying it at least the issuance date

of the ‘069 patent, on information and belief, but at least from October 6, 2022, the date of a previous lawsuit.[7] For clarity, direct infringement is previously alleged in this complaint.

43. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and methods related to security systems) such as to cause infringement of one or more of claims ‘069 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the ‘069 patent and the technology underlying it at least the issuance date of the ‘069 patent, on information and belief, but at least from October 6, 2022, the date of a previous lawsuit.[8] For clarity, direct infringement is previously alleged in this complaint. The products and services are not a staple commercial product and Defendant had reason to believe that the customer’s use of the product and/or service would be an infringing use. As shown on Defendant’s website, Vivint.com, Defendant offers the products and/or services with instruction or advertisement that suggests an infringing use. Defendant’s acts constituting contributory infringement are explained in paragraphs 22-24, under Accused Instrumentalities.

44. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the ‘069 patent.

**CONDITIONS PRECEDENT**

45. Plaintiff is a practicing entity and has complied with Section 287. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery

---

[7] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[8] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

46. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including

attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. award Plaintiff such other and further relief as this Court deems just and proper.

Dated: October 17, 2025

Respectfully submitted,

*/s/ William P. Ramey, III*
William P. Ramey, III
**Ramey LLP**
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd. Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)

***Attorneys for VIAAS, INC.***