**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **VIAAS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 2:25-cv-01048-JRG-RSP** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **VIVINT LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT VIVINT LLC'S
MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION...........................................................................................................1

II.   BACKGROUND ...........................................................................................................4

    A.   **'888 Patent Assignment History** ........................................................... 4

        1.   "Assignment 1": 2009 Assignment from Roskowski to Third Iris Corp.... 4

        2.   "Assignment 2": 2012 Patent Security Agreement Between Silicon Valley Bank and Barracuda Networks, Inc. ............................................................ 4

        3.   "Assignment 3": 2013 Indemnity Agreement Between Roskowski and Barracuda Networks, Inc. ...................................................................... 5

        4.   "Assignment 4": 2017 Bill of Sale, Assignment, and Assumption Agreement Between Barracuda Networks, Inc. and VIAAS, Inc............... 5

        5.   "Assignment 5": 2018 Termination and Release of Patent Security Agreement Between Silicon Valley Bank and Barracuda Networks, Inc. . 6

        6.   "Assignment 6": 2023 Nunc Pro Tunc Assignment from Barracuda Networks, Inc. to VIAAS, Inc. ...................................................................... 6

    B.   **'069 Patent Assignment History** ......................................................... 7

        1.   "Assignment 1": 2015 Assignment from Roskowski to Barracuda Networks, Inc.......................................................................................... 7

        2.   "Assignment 2": 2017 Bill of Sale, Assignment, and Assumption Agreement Between Barracuda Networks, Inc. and VIAAS, Inc............... 8

        3.   "Assignment 3": 2022 Grant of Second Lien Security Interest in Patent Rights Between Barracuda Networks, Inc. and KKR Loan Administration Services LLC ...................................................................................... 8

        4.   "Assignment 4": 2022 Grant of First Lien Security Interest in Patent Rights Between Barracuda Networks, Inc. and UBS AG.......................... 9

        5.   "Assignment" 5: 2023 Nunc Pro Tunc Assignment from Barracuda Networks, Inc. to VIAAS, Inc. ...................................................................... 9

    C.   **VIAAS's Prior Lawsuits Against Vivint on the Asserted Patents**................. 10

    D.   **The 2025 Harris County Order and 2025 "Nunc Pro Tunc Assignment"**.................................................................................... 10

i

**III.    LEGAL STANDARDS** ...................................................................................................13

    **A.    Choice of Law** ................................................................................... 13

    **B.    Rule 12(b)(1) Standard** ..................................................................... 13

    **C.    Constitutional Standing for Patent Infringement Claims** .............................. 14

**IV.    ARGUMENT** .............................................................................................................15

    **A.    Plaintiff Lacks Standing to Bring this Suit.** ..................................................... 15

        1.    The Assignment Records Show that the Asserted Patents Are Still Owned by Third Iris Corp. ........................................................................... 15

        2.    The 2025 "Nunc Pro Tunc Assignment" and the Harris County Order Cannot Fix the Broken Chain of Tile for the Asserted Patents................. 16

        3.    Even if the 2025 "Nunc Pro Tunc Assignment" Was Effective to Retroactively Transfer the Asserted Patents from Third Iris Corp. to Barracuda Networks, There Is Still No Effective Assignment from Barracuda Networks to VIAAS. .................................................................. 18

    **B.    Plaintiff Cannot Cure Its Lack of Standing by Filing an Amended Complaint** ................................................................................................... 19

    **C.    Plaintiff's Complaint Should Be Dismissed with Prejudice** ........................... 19

**V.    CONCLUSION** ..........................................................................................................21

ii

## TABLE OF AUTHORITIES

**Federal Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010) ..............................13, 19

*Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379 (Fed. Cir. 2015) ....................................14

*Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360 (5th Cir. 2012) .....................................19

*Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710 (5th Cir. 2012)..................................................13

*In re CTP Innovations, LLC*, 2016 U.S. Dist. LEXIS 165684 (Fed Cir. 2016).............................19

*Drake v. City of Haltom City*, 106 F. App'x 897 (5th Cir. 2004).................................................20

*Drone Labs, LLC v. Dedrone Holdings, Inc.*, No. 19-CV-01281-EMC, 2019 U.S. Dist. LEXIS 156186, 2019 WL 4345955 (N.D. Cal. Sept. 12, 2019) ....................................20

*Eastman Kodak Co. v. Sun Microsystems, Inc.*, No. 02-CV-6074T, 2004 U.S. Dist. LEXIS 32570 (W.D.N.Y. Sep. 10, 2004) .........................................................17

*Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090 (Fed. Cir. 1998) .....................................19

*Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310 (Fed. Cir. 2005).....................................14

*Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546 (2005)...............................................13

*Filtroil, N.A. v. Maupin*, No. 98-1212, 1998 U.S. App. LEXIS 30820 (Fed. Cir. Dec. 3, 1998)....................................................................................................................17

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774 (Fed. Cir. 1996) ..............................19

*Juarez v. Pizana*, No. 3:17-CV-00368-KC, 2018 U.S. Dist. LEXIS 138605 (W.D. Tex. June 25, 2018)................................................................................................................20

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)..........................................................................14

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334 (Fed. Cir. 2022) ........................ 13-14

*Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007).......................................................13

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967 (Fed. Cir. 2017)...............................................................................................................14, 19

*People's Nat'l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333 (5th Cir. 2004) ..............................................................................................13

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005)..........................19

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) ...................................14, 19

*SiRF Tech., Inc. v. I.T.C.*, 701 F.3d 1319 (Fed. Cir. 2010)..................................................... 15-16

*Sky Techs. LLC v. SAP AG*, 576 F.3d 1374 (Fed. Cir. 2009)...........................................................16

*Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502 (5th Cir. 2015) .......................................................................................................................14

*VIAAS Inc. v. Amazon.com Inc. et al.*, Nos. WA-22-CV-1041-KC, -1046-KC, -1047-KC, -1048-KC, and -1052-KC, 2023 U.S. Dist. LEXIS 72281 (W.D. Tex. Apr. 25, 2023)........................................................................................*Passim*

*VIAAS Inc. v. Vivint Smart Home Inc.*, No 6:22-cv-01052, Dkt. 1 (W.D. Tex. Oct. 6, 2022) ...............................................................................................................2, 10, 12, 20

*VIAAS, Inc. v. Vivint Smart Home, Inc.*, No. 2:24-cv-00713-JRG-RSP, Dkt. 1 (E.D. Tex. Aug. 30, 2024) ..........................................................................................................10

*WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257 (Fed. Cir. 2010) ...................................... 14-15

**Federal Statutes**

28 U.S.C. § 1927.............................................................................................................................21

35 U.S.C. § 100(d) ..........................................................................................................................15

35 U.S.C. § 271(a) ..........................................................................................................................15

35 U.S.C. § 281................................................................................................................................15

35 U.S.C. § 285................................................................................................................................21

**Rules**

Fed. R. Civ. P. 12(b)(1)..........................................................................................................*Passim*

iv

## TABLE OF EXHIBITS

| Ex. | Title |
|-----|-------|
| A | "Assignment 1" for the '888 Patent, purporting to be an assignment of U.S. Patent Application No. 12/395,437 from Steven Roskowski to Third Iris Corp. dated March 2, 2009 |
| B | "Assignment 2" for the '888 Patent, dated October 3, 2012, titled "Patent Security Agreement," and purporting to grant Silicon Valley Bank a "security interest" in several granted patents and patent applications, including the '437 Application, on behalf of Barracuda Networks, Inc. |
| C | "Assignment 3" for the '888 Patent, dated April 25, 2013, titled "Indemnity Agreement," and purporting to be an agreement between Steven Roskowski and Barracuda Networks, Inc. |
| D | "Assignment 4" for the '888 Patent and "Assignment 2" for the '069 Patent, dated May 31, 2017, titled "Bill of Sale, Assignment and Assumption Agreement," and purporting to be an agreement between Barracuda Networks, Inc. and VIAAS, Inc. |
| E | "Assignment 5" for the '888 Patent, dated January 2, 2018, titled "Termination and Release of Patent Security Agreement," and purporting to terminate Silicon Valley Bank's "security interest" in several granted patents and patent applications, including the '888 Patent, "in favor of" Barracuda Networks, Inc. |
| F | "Assignment 6" for the '888 Patent and "Assignment 5" for the '069 Patent, dated December 19, 2023, titled "Nunc Pro Tunc Assignment," and purporting to transfer and assign to VIAAS, Inc. all of Barracuda Network Inc.'s alleged right, title, and interest in three granted patents, including the '888 Patent and the '069 Patent |
| G | "Assignment 1" for the '069 Patent, dated October 29, 2015, and purporting to be an assignment of U.S. Patent Application No. 13/666,879 from Steven Roskowski to Barracuda Networks, Inc. |
| H | "Assignment 3" for the '069 Patent, dated August 15, 2022, titled "Grant of Second Lien Security Interest in Patent Rights," and purporting to grant from Barracuda Networks, Inc. to KKR Loan Administration Services LLC a "security interest" in several granted patents and patent applications, including the '069 Patent |
| I | "Assignment 4" for the '069 Patent, dated August 15, 2022, titled "Grant of First Lien Security Interest in Patent Rights," and purporting to grant from Barracuda Networks, Inc. to UBS AG a "security interest" in several granted patents and patent applications, including the '069 Patent |

J    Original Petition for Declaratory Judgment filed by VIAAS in the 165th Judicial District Court of Harris County, Texas on July 11, 2025

K    Motion for Summary Judgment of and Declaration of Rights filed by VIAAS in Harris County proceeding on July 30, 2025

L    Transcript from hearing on VIAAS's Motion for Summary Judgment and Declaration of Rights held on October 6, 2025

M    Proposed Order attached to Motion for Summary Judgment and Declaration of Rights filed by VIAAS in Harris County proceeding on July 30, 2025

## I.    INTRODUCTION

In proverbial "Groundhog Day" fashion, VIAAS's Original Complaint ("Complaint") against Vivint LLC ("Vivint") (Dkt. 1) should be dismissed under Fed. R. Civ. P. 12(b)(1) because VIAAS lacks standing to bring this suit. The available evidence establishes that VIAAS does not own any rights in U.S. Patent Nos. 8,558,888 ("the '888 Patent") and 9,472,069 ("the '069 Patent") (together, the "Asserted Patents"). The public record shows that a Cayman Islands company named Third Iris Corp. is still the rightful owner, and there is no credible evidence in the public record or attached to the Complaint showing that ownership of the Asserted Patents was ever transferred from Third Iris Corp. to VIAAS or anyone else, directly or indirectly. For this exact reason, in 2023 a court in the Western District of Texas dismissed under Rule 12(b)(1) several earlier cases filed by VIAAS on these same patents against Vivint and others.

Thereafter, on August 30, 2024, VIAAS filed a second lawsuit against Vivint on the same Asserted Patents, this time seeking what it hoped may be a more favorable venue in the Eastern District of Texas. Vivint, again, moved to dismiss that complaint for lack of standing because there was still no credible evidence in the public record or attached to the complaint showing that ownership of the Asserted Patents was ever transferred from Third Iris Corp. to VIAAS or anyone else, directly or indirectly. Tellingly, rather than formally respond to that motion to dismiss, VIAAS filed a Notice of Voluntary Dismissal of the entire lawsuit.

Undeterred, now VIAAS comes to this Court with a *third* lawsuit against Vivint on the same Asserted Patents. Having already failed twice to establish standing to bring suit against Vivint on these patents in federal court, before filing this case VIAAS attempted a surreptitious end-run around this Court to try to get a state court judge to rubber-stamp VIAAS's attempt to plug the holes in the broken chain of title for these patents. VIAAS attached to its most recent Complaint a judicial order dated October 6, 2025 from a court in Harris County, Texas declaring,

in VIAAS's words, "that a July 2, 2025, nunc pro tunc assignment was effective to assign to VIAAS all right, title and interest in [the '888 Patent and a second non-asserted patent]." The Harris County order was issued in a declaratory judgment action VIAAS filed unilaterally on July 11, 2025—*without giving notice to or involving any opposing parties, including the party who VIAAS ultimately intended to sue for a third time on the same patents: Vivint.*

Unfortunately for VIAAS, its creative "nunc pro tunc" detour to Harris County does not fix the broken chain of title for four independent reasons. First, federal law—not state law—governs the determination of the validity and terms of a purported patent assignment, and therefore the Harris County judge lacked jurisdiction to adjudicate that issue.[1] Second, even *if* the Harris County court had jurisdiction to adjudicate that issue, the Harris County order did not rule "that a July 2, 2025, nunc pro tunc assignment was effective to assign **to VIAAS** all right, title and interest in [the '888 Patent and a second non-asserted patent]," as VIAAS falsely states in its Complaint in this case. Dkt. 1 at 1-2 (emphasis added). Rather, the Harris County order only purports to rule that the 2025 "nunc pro tunc assignment" was effective to assign the '888 Patent "from Third Iris Corp. to Barracuda Networks, Inc. on October 24, 2014." Thus, contrary to VIAAS's false assertion in the Complaint in this case, the Harris County court did not rule that the '888 Patent was ever assigned "to VIAAS." Setting aside its jurisdictional flaws, the nun pro tunc "assignment" does not come close to achieving what VIAAS falsely represents to this Court.

Third, the 2025 "nunc pro tunc assignment" that was the subject of the Harris County order does not legally and factually achieve what that court ruled it does. Although the "assignment"

---

[1] For this reason and others, on November 5, 2025 Vivint filed a Motion for New Trial and Notice of Intent to File Petition in Intervention in the Harris County proceeding. Additionally, Vivint is in the process of filing a Bill of Review in that court seeking to dissolve the Harris County judgment. A ruling on that Motion for New Trial and Bill of Review remains pending with the Harris County court.

purports to be a retroactive assignment of rights in the '888 Patent from Third Iris Corp. to Barracuda Networks, the "assignment" is curiously only signed by one signatory: VIAAS's President Matthew Connolly—it is not signed by anyone with contracting authority for either Third Iris Corp. or Barracuda Networks. As a matter of basic contract law, VIAAS's President cannot unilaterally effect a contractual transfer of rights (retroactive or not) from one third party to another third party.

Fourth, even if the 2025 "nunc pro tunc assignment" *was* effective to retroactively transfer ownership rights in the '888 Patent from Third Iris Corp. to Barracuda Networks, there would *still* be an absence of an effective assignment of the patent rights from Barracuda Networks to VIAAS. VIAAS will surely point to a purported "nunc pro tunc assignment" signed by Barracuda and VIAAS in 2023 that purports to retroactively transfer Barracuda's rights in the Asserted Patents to VIAAS effective June 12, 2017. However, that assignment is per se ineffective. Simply put, Barracuda did not have any rights as of 2017 that could be retroactively transferred to VIAAS, due to the lack of any valid assignment between Third Iris Corp. and Barracuda at the time that 2023 "nunc pro tunc assignment" was signed. Per Federal Circuit case law, the 2025 "nunc pro tunc assignment" purportedly between Third Iris Corp. and Barracuda Networks could not retroactively convert the 2023 "nunc pro tunc assignment" from Barracuda Networks to VIAAS into a valid assignment since the 2023 "nunc pro tunc assignment" was per se invalid at the time it was signed in 2023.

For all of these reasons, there is no credible evidence to establish that VIAAS owns rights in the Asserted Patents that would give it standing to sue, and therefore the Complaint should be dismissed in its entirety for lack of standing under Rule 12(b)(1). Moreover, leave to amend should not be granted because as a matter of law Plaintiff's lack of standing cannot be cured after the fact,

so any amendment to the pleadings would be futile. Furthermore, because this suit represents VIAAS's *third* unsuccessful attempt to establish standing to sue Vivint on these patents, the dismissal should be with prejudice to VIAAS's ability to file a fourth lawsuit against Vivint on these patents.

## II.    BACKGROUND

### A.    '888 Patent Assignment History

The '888 Patent issued on October 15, 2013 from U.S. Patent Application No. 12/395,437 (the "'437 Application"), which was filed on February 27, 2009. Dkt. 1-1. The sole named inventor on the patent is Steven Roskowski. *Id*. There are six purported "assignments" of the '888 Patent that are publicly available on the USPTO's "Patent Assignment Search" website, several of which are not actually assignments or attempted assignments, as explained in more detail below.

#### 1.    "Assignment 1": 2009 Assignment from Roskowski to Third Iris Corp.

On March 2, 2009, Roskowski assigned his "entire right, title and interest" in and to the purported inventions disclosed in the '437 Application to Third Iris Corp., "a corporation of Cayman Islands." Greene Decl., Ex. A (hereafter the "2009 Assignment"). This assignment included all rights to any patents granted from the '437 Application as well as "any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 Application, which would include both of the asserted '888 and '069 Patents. *Id.*

#### 2.    "Assignment 2": 2012 Patent Security Agreement Between Silicon Valley Bank and Barracuda Networks, Inc.

On October 3, 2012, Barracuda Networks, Inc. ("Barracuda") executed a document titled "Patent Security Agreement" that purported to grant Silicon Valley Bank ("SVB") a "security interest" in several granted patents and patent applications, including the '437 Application. Greene Decl., Ex. B (hereafter the "2012 Security Agreement"). The 2012 Security Agreement

does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '437 Application. Despite being identified as "Assignment 2" for the '888 Patent on the USPTO's "Patent Assignment Search" website, the document does not purport to assign any rights in the '437 Application or any patents relating thereto.

### 3.    "Assignment 3": 2013 Indemnity Agreement Between Roskowski and Barracuda Networks, Inc.

On April 25, 2013, Roskowski and Barracuda executed a document titled "Indemnity Agreement." Greene Decl., Ex. C (hereafter the "2013 Indemnity Agreement"). Although the transmittal cover sheet used when recording the 2013 Indemnity Agreement incorrectly identifies the agreement as an "assignment," the agreement does not in fact assign any interests in the '437 Application or any patents relating thereto. *Id.* To the contrary, the 2013 Indemnity Agreement includes a "No Licenses" provision that expressly states that "[n]othing set forth herein shall constitute either any grant of any right, covenant, release or license to [Roskowski] with respect to, or under, any patent . . . . or other intellectual property right of [Barracuda]." *Id.*

### 4.    "Assignment 4": 2017 Bill of Sale, Assignment, and Assumption Agreement Between Barracuda Networks, Inc. and VIAAS, Inc.

On May 31, 2017, Barracuda entered into a "Bill of Sale, Assignment and Assumption Agreement" with Plaintiff VIAAS. Greene Decl.,  Ex. D (hereafter the "2017 Bill of Sale"). The 2017 Bill of Sale itself makes no mention of any patents. The 2017 Bill of Sale does reference a May 11, 2017, Asset Purchase Agreement (the "2017 Asset Purchase Agreement"), which was never recorded with the Patent Office. The only mention of any patents comes in Amendment No. 1, which is attached to the 2017 Bill of Sale and states the following in Schedule 1.04: "[VIAAS] *may request* transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request." *Id.* (emphasis added).  Amendment No. 1 then identifies the '437 Application.  *Id.* Thus, at most, Amendment No. 1 contains a mere ***promise***

5

to assign rights at some time in the future after being requested by VIAAS. It does not evince a past or present assignment to any person or entity, and there is no evidence that Plaintiff requested such a transfer prior to a "Nunc Pro Tunc Assignment" that was signed several years later in December of 2023 (discussed in detail below).

5.    "Assignment 5": 2018 Termination and Release of Patent Security Agreement Between Silicon Valley Bank and Barracuda Networks, Inc.

On January 2, 2018, Barracuda executed a document titled "Termination and Release of Patent Security Agreement" that purported to terminate SVB's purported "security interest" in several granted patents and patent applications, including the '888 Patent. Greene Decl., Ex. E (hereafter the "2018 Termination Agreement"). The 2018 Termination Agreement does not mention Third Iris Corp. (the original 2009 assignee), nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '888 Patent or the '437 Application. Despite being incorrectly identified as "Assignment 5" for the '888 Patent on the USPTO's "Patent Assignment Search" website, the document does not purport to assign any rights in the '888 Patent or the '437 Application.

6.    "Assignment 6": 2023 Nunc Pro Tunc Assignment from Barracuda Networks, Inc. to VIAAS, Inc.

On December 19, 2023 (*i.e.*, approximately eight months after the Western District of Texas court dismissed VIAAS's first round of lawsuits on these same patents for lack of standing), Barracuda executed a document titled "Nunc Pro Tunc Assignment" that purported to transfer and assign to VIAAS all of Barracuda's alleged right, title, and interest in three granted patents, including the '888 Patent and the '069 Patent, both of which are asserted in this case. Greene Decl., Ex. F. (hereafter the "2023 Nunc Pro Tunc Assignment"). The 2023 Nunc Pro Tunc Assignment does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda

6

purportedly had in the '888 Patent or '069 Patent or how any such rights were purportedly acquired by Barracuda.

### B.    '069 Patent Assignment History

The '069 patent issued on October 18, 2016 from U.S. Patent Application No. 13/666,879 ("the '879 Application"), which was filed on November 1, 2012. Dkt. 1-2. The '879 Application claims priority to and is a divisional of the '437 Application. *Id.* Roskowski was again the sole named inventor. *Id.* As noted above, the 2009 Assignment executed by Roskowski conveyed to Third Iris Corp. all rights in "any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 Application. Greene Decl., Ex. A. Thus, the '879 Application, as a divisional of the '437 Application, was conveyed to Third Iris Corp. per the 2009 Assignment. There are five purported "assignments" of the '069 Patent that are publicly available on the USPTO's "Patent Assignment Search" website, several of which are not actually assignments or attempted assignments as explained below.

### 1.    "Assignment 1": 2015 Assignment from Roskowski to Barracuda Networks, Inc.

On October 29, 2015, Roskowski attempted to assign his "entire right, title and interest" in and to the inventions disclosed in the '879 Application to Barracuda. Greene Decl., Ex. G (Assignment of '879 Application dated October 29, 2015, hereafter the "2015 Attempted Assignment"). As noted above, however, because the '879 Application was a divisional of the '437 Application, the '879 Application was previously conveyed to Third Iris Corp. per the 2009 Assignment, and therefore in 2015 Roskowski owned no rights in the '879 Application that he could have transferred to Barracuda via the 2015 Attempted Assignment.

2.      "Assignment 2": 2017 Bill of Sale, Assignment, and Assumption Agreement Between Barracuda Networks, Inc. and VIAAS, Inc.

As noted above with regard to the '888 Patent, on May 31, 2017, Barracuda entered into the 2017 Bill of Sale with Plaintiff VIAAS. Greene Decl., Ex. D (2017 Bill of Sale).  The 2017 Bill of Sale itself makes no mention of any patents. The 2017 Bill of Sale does reference a 2017 Asset Purchase Agreement, which was never recorded with the Patent Office. The only mention of any patents comes in Amendment No. 1, which is attached to the 2017 Bill of Sale and states the following in Schedule 1.04: "[VIAAS] *may request* transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request." *Id.* (emphasis added).  Amendment No. 1 then identifies the '879 Application (in addition to the '437 Application).  *Id.* Thus, at most, Amendment No. 1 contains a mere *promise* to assign rights at some time in the future after being requested by Plaintiff. It does not evince a past or present assignment, and there is no evidence that Plaintiff requested such a transfer prior to the Nunc Pro Tunc Assignment (discussed above and below) that was signed in December of 2023.

3.      "Assignment 3": 2022 Grant of Second Lien Security Interest in Patent Rights Between Barracuda Networks, Inc. and KKR Loan Administration Services LLC

On August 15, 2022, Barracuda executed a document titled "Grant of Second Lien Security Interest in Patent Rights" that purported to grant KKR Loan Administration Services LLC a "security interest" in several granted patents and patent applications, including the '069 Patent (but not the '437 Application or '888 Patent). Greene Decl., Ex. H (hereafter the "Second Lien Security Agreement"). The Second Lien Security Agreement does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '879 Application or the '069 Patent (or the '888 Patent or the '437 Application). Despite being identified as "Assignment 3" for the '069 Patent on the USPTO's "Patent Assignment Search" website, the

8

document does not purport to assign any rights in the '879 Application or the '069 Patent (or the '888 Patent or the '437 Application).

### 4.    "Assignment 4": 2022 Grant of First Lien Security Interest in Patent Rights Between Barracuda Networks, Inc. and UBS AG

On August 15, 2022, Barracuda executed a document titled "Grant of First Lien Security Interest in Patent Rights" that purported to grant UBS AG a "security interest" in several granted patents and patent applications, including the '069 Patent (but not the '437 Application or '888 Patent). Greene Decl., Ex. I (hereafter the "First Lien Security Agreement"). The First Lien Security Agreement does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '879 Application or the '069 Patent (or the '888 Patent or the '437 Application). Despite being identified as "Assignment 4" for the '069 Patent on the USPTO's "Patent Assignment Search" website, the document does not purport to assign any rights in the '879 Application or the '069 Patent (or the '888 Patent or the '437 Application).

### 5.    "Assignment" 5: 2023 Nunc Pro Tunc Assignment from Barracuda Networks, Inc. to VIAAS, Inc.

As discussed above, on December 19, 2023 (*i.e.*, approximately eight months after the Western District of Texas court dismissed VIAAS's previous lawsuits on these same patents for lack of standing), Barracuda executed the 2023 Nunc Pro Tunc Assignment that purported to transfer and assign to VIAAS all of Barracuda's alleged right, title, and interest in three granted patents, including the '888 Patent and the '069 Patent. Greene Decl., Ex. F. The 2023 Nunc Pro Tunc Assignment does not mention Third Iris Corp., nor does it indicate the nature or extent of any rights Barracuda purportedly had in the '888 Patent or '069 Patent or how any such rights were purportedly acquired by Barracuda.

9

**C.      VIAAS's Prior Lawsuits Against Vivint on the Asserted Patents**

VIAAS first brought suit against Vivint on the Asserted Patents in 2022 in the Western District of Texas. *VIAAS Inc. v. Vivint Smart Home Inc.*, No 6:22-cv-01052, Dkt. 1 (W.D. Tex. Oct. 6, 2022). Vivint filed a motion to dismiss that complaint for lack of standing, which the court ultimately granted after finding that:

> [B]ecause there is no evidence in the record that Third Iris Corp. ever assigned the Patents to anyone, let alone Barracuda or Plaintiff, the chain of title is broken, and Plaintiff has not demonstrated that it has standing to bring these lawsuits.

*VIAAS Inc. v. Amazon.com Inc. et al.*, Nos. WA-22-CV-1041-KC, -1046-KC, -1047-KC, -1048-KC, and -1052-KC, 2023 U.S. Dist. LEXIS 72281, at *15 (W.D. Tex. Apr. 25, 2023) (dismissing VIAAS's cases against Amazon.com, Inc., ADT LLC, Cisco Systems, Inc., Google LLC, and Vivint, Inc. for lack of standing as to the Asserted Patents).

On August 30, 2024, VIAAS filed a second lawsuit against Vivint on the same Asserted Patents, this time in the Eastern District of Texas. *VIAAS, Inc. v. Vivint Smart Home, Inc.*, No. 2:24-cv-00713-JRG-RSP, Dkt. 1 (E.D. Tex. Aug. 30, 2024). After VIAAS amended its complaint to name the correct Vivint entity, Vivint moved to dismiss that First Amended Complaint ("FAC") for lack of standing because there was still no credible evidence in the public record or attached to the FAC showing that ownership of the Asserted Patents was ever transferred from Third Iris Corp. to Barracuda, VIAAS, or anyone else, directly or indirectly. No. 2:24-cv-00713-JRG-RSP, Dkt. 17 (E.D. Tex. Nov. 15, 2024). Rather than substantively respond to that motion to dismiss, VIAAS filed a Notice of Voluntary Dismissal of the entire lawsuit. No. 2:24-cv-00713-JRG-RSP, Dkt. 34 (E.D. Tex. Dec. 27, 2024).

**D.      The 2025 Harris County Order and 2025 "Nunc Pro Tunc Assignment"**

After voluntarily dismissing its second suit against Vivint on the Asserted Patents at the end of 2024 after Vivint pointed out that there was *still* no evidence of any transfer of ownership

10

of the patents from Third Iris Corp. to anyone else, VIAAS attempted to rectify that issue on July 2, 2025 by concocting a sham "nunc pro tunc assignment" that was signed only by *VIAAS's* President and not by anyone with contracting authority for either the purported assignor Third Iris Corp. or the purported assignee Barracuda Networks. *See* Dkt. 1-5 at PageID # 193-196. This sham "nunc pro tunc assignment" (which, as of the filing of this motion, has never been recorded with the USPTO) purported to retroactively transfer rights in the '888 Patent (but not the '069 Patent) from Third Iris Corp. to Barracuda Networks effective October 24, 2014. *Id.* at PageID # 193.

Rather than have this Court or another federal court assess the validity and effect of its sham "nunc pro tunc assignment" in the context of a patent infringement suit, VIAAS chose to do an end-run around this Court and filed an Original Petition for Declaratory Judgment in the 165th Judicial District Court of Harris County, Texas on July 11, 2025. In that Petition, VIAAS requested a "declaration that [the 2025 "nunc pro tunc assignment"] is a written patent assignment document that assigns then [sic] entire right, title and interest, including the right to sue for past and future patent infringement damages, in and to [the '888 Patent]." Greene Decl., Ex. J at 5. Notably, VIAAS did not name Vivint or any other opposing parties in its Petition, despite having previously sued Vivint twice on the same Asserted Patents and having had both suits dismissed (once by the W.D. Tex. Court and once voluntarily by VIAAS) after Vivint pointed out the lack of a valid assignment between Third Iris Corp. and Barracuda Networks.

VIAAS then filed a Motion for Summary Judgment of and Declaration of Rights in the Harris County proceeding a few weeks later on July 30, 2025. Greene Decl., Ex. K. In that motion, VIAAS framed its request to the court as follows:

11

> The only issue in this case is whether Exhibit 4 is a valid, nunc pro tunc, written patent assignment document that assigned then entire right, title and interest, including the right to sue for past and future patent infringement damages, in and to the Assigned Patents from Third Iris Corp. to Barracuda Networks, Inc. on or before October 24, 2014. There are no other issues in this case. Further, the only party to this action is VIAAS, Inc., a successor in interest to the Assigned Patents through Barracuda Networks, Inc. Resolution of the legal meaning of the Exhibit 4 nunc pro tunc assignment will resolve all issues in this case.

*Id*. at 1. The Harris County court held a hearing on the Motion for Summary Judgment and Declaration of Rights on October 6, 2025. At the hearing, VIAAS's counsel in that proceeding and in this one (William Ramey) represented to the court that the ownership of the '888 Patent "is not a contested matter" and that he was "just looking for a quick signature if I might, your honor." Greene Decl., Ex. L at 4. Perhaps not surprisingly given VIAAS's counsel's misrepresentation to the court that the ownership of the '888 Patent was not a contested matter, the Harris County judge then immediately signed VIAAS's proposed order without any substantive modifications. *Compare* Greene Decl., Ex. M (VIAAS's proposed order) with Dkt. 1-5 at PageID # 191 (signed order).

Less than two weeks later on October 17, 2005, VIAAS filed this third lawsuit against Vivint on the Asserted Patents. Dkt. 1. In its Complaint, VIAAS falsely represented to this Court that the Harris County order declared "that a July 2, 2025 nunc pro tunc assignment was effective to assigned **to VIAAS** all right, title, and interest in United States Patent Nos. 8,558,888 and 8,194,174." Dkt. 1 at 1-2 (emphasis added). This representation by VIAAS is false because the Harris County order (which, again, was essentially taken verbatim from VIAAS's proposed order) says <u>nothing</u> about whether <u>VIAAS</u> was assigned the '888 Patent; rather, it merely says that the 2025 "nunc pro tunc assignment" was effective to retroactively assign the '888 Patent from Third Iris Corp. to Barracuda Networks, Inc. on October 24, 2014. Dkt. 1-5 at PageID # 191.

12

Vivint was unaware of the existence of the 2025 "nunc pro tunc assignment" or the Harris County proceeding and order until Vivint obtained a copy of VIAAS's Complaint in this case shortly after the Complaint was filed on October 17, 2025. Both documents were attached as exhibits to VIAAS's Complaint in this case and are referenced therein. Dkt. 1-5.

## III.   LEGAL STANDARDS

### A.   Choice of Law

The patent statute governs who has standing to bring suit for patent infringement. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1337 (Fed. Cir. 2007); *see also Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010). Federal Circuit law therefore governs the analysis of the substantive question of whether Plaintiff has standing to bring this lawsuit. *See Abraxis Bioscience*, 625 F.3d at 1364; *see also VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *8–9. The substantive law notwithstanding, the procedural and evidentiary standards governing Rule 12(b)(1) motions are "nonpatent-specific issue[s]," for which regional circuit precedent applies. *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334, 1341 (Fed. Cir. 2022). Accordingly, while Federal Circuit precedent governs the resolution of the underlying standing question, it must do so within the structure of the Rule 12(b)(1) procedures established by the Fifth Circuit. *See id.*; *see also VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *9.

### B.   Rule 12(b)(1) Standard

Without jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005); *People's Nat'l Bank v. Off. of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). Motions to dismiss for lack of subject matter jurisdiction may either be "facial" or "factual." *Mitek Sys.*, 34 F.4th at 1341. A facial challenge accepts the facts alleged in the complaint as true and contends that such allegations do not establish jurisdiction. *See id.* (citing *Choice Inc.*

13

*of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012)). Conversely, a factual challenge involves the submission of evidence that the defendant contends disproves the plaintiff's jurisdictional allegations. *Id.* (citing *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)). "To defeat a factual attack, a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Id.* (internal quotation marks omitted) (quoting *Superior MRI Servs.*, 778 F.3d at 504).

"Standing must be present at the time the suit is brought." *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 970 (Fed. Cir. 2017) (quoting *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005)). "The party bringing the action bears the burden of establishing that it has standing." *Id.* (quoting *Sicom Sys.*, 427 F.3d at 976). When a Rule 12(b)(1) motion raises a factual attack, the plaintiff bears the burden of establishing standing by a preponderance of the evidence. *See Mitek Sys.*, 34 F.4th at 1341 (citing *Superior MRI Servs.*, 778 F.3d at 504).

### C.     Constitutional Standing for Patent Infringement Claims

"Standing is a jurisdictional question." *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015). To have standing under Article III of the Constitution, a plaintiff alleging patent infringement must have suffered an injury that is causally connected to the defendant's conduct and redressable by a favorable decision. *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1313 (Fed. Cir. 2005) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010).

"Under the Patent Act, a patent grants the patentee the right to exclude others from making, using, selling, or offering to sell a patented invention within the United States, as well as the right to exclude others from importing a patented invention into the United States." *WiAV Sols.*, 631 F.3d at 1264 (citing 35 U.S.C. § 271(a)). The Patent Act also expressly confers the right to initiate a "civil action for infringement" of one or more of those rights upon the "patentee." *Id.* (quoting 35 U.S.C. § 281). The term "'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." *Id.* (quoting 35 U.S.C. § 100(d)). Thus, "if the patentee transfers all substantial rights under the patent, it amounts to an assignment and the assignee [*i.e.*, the successor in title] may be deemed the effective patentee under 35 U.S.C. § 281." *Id.* (alteration omitted, internal quotations omitted).

## IV.   ARGUMENT

### A.   Plaintiff Lacks Standing to Bring this Suit.

1.   The Assignment Records Show that the Asserted Patents Are Still Owned by Third Iris Corp.

Plaintiff lacks constitutional standing to bring suit because there is no credible evidence that Third Iris Corp.'s rights in the Asserted Patents were ever transferred to Barracuda Networks (or to VIAAS), and therefore there is no evidence that Barracuda Networks ever owned any rights in the patents that it could have transferred to Plaintiff.

Although the Complaint alleges that Plaintiff is the "exclusive owner" of the Asserted Patents (Dkt. 1 at ¶¶ 15, 17), the publicly available chain of title demonstrates that Third Iris Corp. is still the actual owner of the patents. In the 2009 Assignment, Roskowski unequivocally assigned his "entire right, title and interest" in and to the purported inventions disclosed in the '437 Application to Third Iris Corp. Greene Decl., Ex. A; *see SiRF Tech., Inc. v. I.T.C.*, 701 F.3d 1319, 1327–28 (Fed. Cir. 2010) ("The recording of an assignment with the PTO . . . creates a

15

presumption of validity as to the assignment . . . .”). This assignment included all rights to any patents granted from the '437 Application, as well as "any application which is a **divisional**, substitution, continuation, or continuation-in-part" of the '437 Application. *Id.* (emphasis added). Thus, the assignment to Third Iris Corp. included the '888 Patent (which resulted directly from the '437 Application) **and** the '069 Patent (which resulted from the '879 Application, which claims priority to and is a divisional of the '437 Application).

As laid out above in the assignment history for each patent, and as found by the Western District of Texas court in 2023, none of the other documents in the public record for either patent (*i.e.*, that are recorded with the USPTO) shows any transfer of ownership of the Asserted Patents from Third Iris Corp. to anyone else, including Barracuda Networks or VIAAS. *See Amazon.com*, 2023 U.S. Dist. LEXIS 72281, at \*15. As a result, the chain of title is broken, Plaintiff never obtained any rights in the Asserted Patents, and Plaintiff therefore lacks standing to bring this lawsuit. This is precisely the result reached by the Western District of Texas court in 2023 when it dismissed Plaintiff's first round of lawsuits on these patents for the same reason. *See VIAAS*, 2023 U.S. Dist. LEXIS 72281, at \*15 ("[B]ecause there is no evidence in the record that Third Iris Corp. ever assigned the Patents to anyone, let alone Barracuda or Plaintiff, the chain of title is broken, and Plaintiff has not demonstrated that it has standing to bring these lawsuits.").

> 2. The 2025 "Nunc Pro Tunc Assignment" and the Harris County Order Cannot Fix the Broken Chain of Tile for the Asserted Patents.

The Harris County order cannot plug the holes in the broken chain of title, for two reasons. First, federal law—not state law—governs the determination of the validity and terms of a purported patent assignment, and therefore the Harris County judge lacked jurisdiction to adjudicate that issue. *See Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009). Second, even if the Harris County court had jurisdiction to adjudicate that issue, the Harris County

order did <u>not</u> rule "that a July 2, 2025, nunc pro tunc assignment was effective to assign **to VIAAS** all right, title and interest in [the '888 Patent and a second non-asserted patent]," as VIAAS falsely states in its Complaint in this case. Dkt. 1 at 1-2 (emphasis added). Rather, the Harris County order only ruled that the 2025 "nunc pro tunc assignment" was effective to assign the '888 Patent "from Third Iris Corp. to Barracuda Networks, Inc. on October 24, 2014." Dkt. 1-5 at PageID #191. Thus, contrary to VIAAS's false assertion in the Complaint in this case, the Harris County court did <u>not</u> rule that the '888 Patent was ever assigned "to VIAAS."

Moreover, the 2025 "nunc pro tunc assignment" that was the subject of the Harris County order does not legally and factually achieve what that court ruled it does. Although the "assignment" purports to be a retroactive assignment of rights in the '888 Patent from Third Iris Corp. to Barracuda Networks, the "assignment" is only signed by one signatory: VIAAS's President Matthew Connolly. Dkt. 1-5 at PageID #196. The document bears no signatures from any representatives of the purported assignor Third Iris Corp. or the purported assignee Barracuda Networks. As a matter of basic contract law, VIAAS's President cannot unilaterally effect a contractual transfer of rights (retroactive or not) from one third party to another third party. *See Filtroil, N.A. v. Maupin*, No. 98-1212, 1998 U.S. App. LEXIS 30820, at *7 (Fed. Cir. Dec. 3, 1998) ("Once again, the signatory had nothing to convey personally and no authority to convey the rights of others."); *Eastman Kodak Co. v. Sun Microsystems, Inc.*, No. 02-CV-6074T, 2004 U.S. Dist. LEXIS 32570, at *7 (W.D.N.Y. Sep. 10, 2004) ("Therefore, the October 24, 2001 assignment is a nullity, as Kodak lacked the authority to assign patents it did not own.").

17

      3.      <u>Even if the 2025 "Nunc Pro Tunc Assignment" Was Effective to Retroactively Transfer the Asserted Patents from Third Iris Corp. to Barracuda Networks, There Is Still No Effective Assignment from Barracuda Networks to VIAAS.</u>

Even if VIAAS's President had the unilateral power to retroactively transfer rights from one third party to another, the 2025 "nunc pro tunc assignment" *still* would not be effective to fully fix the broken chain of title. That is because, even if the 2025 "nunc pro tunc assignment" *was* effective to retroactively transfer ownership rights in the '888 Patent from Third Iris Corp. to Barracuda Networks, there would *still* be an absence of an effective assignment of the patent rights from Barracuda Networks to VIAAS.[2] VIAAS will surely point to the purported "nunc pro tunc assignment" signed by Barracuda and VIAAS in 2023 that purports to retroactively transfer Barracuda's rights in the Asserted Patents to VIAAS effective June 12, 2017 (*see* Greene Decl., Exhibit F). However, that assignment is per se ineffective to transfer title in the patents from Barracuda to VIAAS because *Barracuda did not have any rights in 2017 that could be transferred to VIAAS,* due to the lack of a valid assignment between Third Iris Corp. and Barracuda when the purported "nunc pro tunc" assignment was signed in 2023 (a fact VIAAS effectively admitted by concocting the sham 2025 "nunc pro tunc assignment" between Third Iris Corp. and Barracuda Networks). And, per Federal Circuit case law, the 2025 "nunc pro tunc assignment" purportedly between Third Iris Corp. and Barracuda Networks could not retroactively convert the 2023 "nunc pro tunc assignment" into a valid assignment since it was a

---

[2] Moreover, even if the 2025 "nunc pro tunc assignment" was effective to retroactively transfer ownership rights in the '888 Patent from Third Iris Corp. to Barracuda Networks, there would still be no effective assignment of the '069 Patent from Third Iris Corp. to Barracuda Networks since the 2025 "nunc pro tunc assignment" does not purport to transfer any rights in the '069 Patent, and therefore there is no evidence that Barracuda Networks ever obtained any rights in the '069 Patent, as explained *supra* in Section II.B.1.

per se invalid assignment at the time it was signed in 2023. *See In re CTP Innovations, LLC*, 2016 U.S. Dist. LEXIS 165684 (Fed Cir. 2016).

**B.      Plaintiff Cannot Cure Its Lack of Standing by Filing an Amended Complaint**

To the extent Plaintiff requests leave to amend its complaint to attempt to cure its lack of standing, no amendment of the complaint could change the fact that Plaintiff never acquired the exclusionary rights it needs to sue for infringement of the Asserted Patents. Moreover, "[s]tanding must be present at the time the suit is brought." *Nat'l Oilwell Varco*, 676 F. App'x at 970 (quoting *Sicom Sys.*, 427 F.3d at 975–76). Therefore, just as the Western District of Texas court found under identical circumstances in denying Plaintiff leave to amend in that case, "even if Plaintiff were to obtain the necessary rights to the Patents now, the Court would remain bound to dismiss the cases." *VIAAS*, 2023 U.S. Dist. LEXIS 72281, at *19–20 (citing *Abraxis Bioscience*, 625 F.3d at 1366 ("[N]unc pro tunc assignments are not sufficient to confer retroactive standing.") (quoting *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998)); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("[T]he jurisdictional defect cannot be cured by . . . the subsequent purchase of an interest in the patent in suit.") (citing *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996))).

**C.      Plaintiff's Complaint Should Be Dismissed with Prejudice**

Not only should Plaintiff not be permitted to file an amended complaint in this case because an amendment would be futile as explained above, but Plaintiff should also not be permitted to file a fourth lawsuit against Vivint on the Asserted Patents. District courts have discretion to dismiss a complaint with prejudice and deny leave to amend where the plaintiff has repeatedly failed to cure pleading deficiencies, as is the case here. *See Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 364 (5th Cir. 2012) ("Denial of leave to amend may be warranted

19

for undue delay, bad faith or dilatory motive on the part of the movant, **repeated failure to cure deficiencies**, undue prejudice to the opposing party, or futility of a proposed amendment.") (emphasis added); *Drone Labs, LLC v. Dedrone Holdings, Inc.*, No. 19-CV-01281-EMC, 2019 U.S. Dist. LEXIS 156186, 2019 WL 4345955, at *4 (N.D. Cal. Sept. 12, 2019) (dismissing a second amended complaint with prejudice because the plaintiff repeatedly failed to cure pleading deficiencies); *Juarez v. Pizana*, No. 3:17-CV-00368-KC, 2018 U.S. Dist. LEXIS 138605, at *13 (W.D. Tex. June 25, 2018) (denying leave to amend and dismissing with prejudice, in part, because "Plaintiff has amended her complaint three times"); *Drake v. City of Haltom City*, 106 F. App'x 897, 900 (5th Cir. 2004) (affirming denial of leave to amend, in part, because "The district court has already permitted Appellants to file amended complaints, and most were permitted to file three amended complaints.").

As discussed *supra*, Plaintiff's initial suit against Vivint on these patents was dismissed by the Western District of Texas court in 2023, which found that "because there is no evidence in the record that Third Iris Corp. ever assigned the Patents to anyone, let alone Barracuda or Plaintiff, the chain of title is broken, and Plaintiff has not demonstrated that it has standing to bring these lawsuits." *Amazon.com*, 2023 U.S. Dist. LEXIS 72281, at *15. Plaintiff's second suit against Vivint (which was filed in this Court) was voluntarily dismissed by Plaintiff in 2024 after Vivint pointed out in a motion to dismiss that there was *still* no evidence in the record that Third Iris Corp. ever assigned the Patents to anyone, let alone Barracuda or Plaintiff, and therefore Plaintiff still lacked standing to sue Vivint on these patents. *Vivint Smart Home*, No. 2:24-cv-00713-JRG-RSP, Dkts. 17 and 34. And now with the current case, Plaintiff has tried and failed for a *third time* to establish standing to sue Vivint on these patents, this time relying on a sham

20

"nunc pro tunc assignment" that has no legal effect because it was signed only by Plaintiff and not by either the purported assignee or assignor.

Vivint has now been forced to incur the cost of preparing and filing *three* motions to dismiss Plaintiff's complaints under Rule 12(b)(1) in *three* serial proceedings, not to mention the cost of (1) preparing and serving invalidity contentions and an associated technical document production in the second case just days before VIAAS voluntarily dismissed that case rather than respond to Vivint's motion to dismiss, and (2) seeking to intervene in the Harris County proceeding to dissolve the judgment in that case. **Enough is enough.** Vivint should not be forced to continue to endure the perpetual cost of having to seek dismissal of lawsuit after lawsuit after lawsuit from a plaintiff that has shown a repeated inability to establish standing to sue on the Asserted Patents. Vivint respectfully asks this Court to put a permanent end to this wasteful and harassing parade of annual lawsuits by dismissing Plaintiff's Complaint <u>with prejudice</u>.[3]

## V.    CONCLUSION

For the foregoing reasons, Plaintiff lacks constitutional standing to sue, and the Court therefore lacks subject matter jurisdiction. Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Moreover, because Plaintiff's lack of standing cannot be cured after the fact, any amendment to the pleadings would be futile; therefore, Plaintiff should not be granted leave to amend. Furthermore, because

---

[3] When the current Complaint is dismissed with prejudice, Vivint will be considered the prevailing party and as such intends to file a motion for attorneys' fees under 35 U.S.C. § 285 and for sanctions under 28 U.S.C. § 1927. Attorney fees under Section 285 and sanctions under Section 1927 were recently awarded against VIAAS's counsel William Ramey and his client mCom in a separate case in part based on a history of Mr. Ramey filing lawsuits where (1) he did not plausibly allege infringement after multiple opportunities to amend, and (2) his client lacked standing to assert the patent. *See mCom IP, LLC v. Cisco Systems, Inc.*, No. 6:22-cv-00261-ADA, Dkt. 78, at slip. op. 3 (W.D. Tex. Dec. 16, 2025).

Plaintiff has now failed in three separate cases to establish standing to assert these patents against Vivint, Plaintiff's Complaint should be dismissed with prejudice.

Dated: December 29, 2025

Respectfully submitted,

*/s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
J. Bradford Thompson
State Bar No. 24046968
**DUANE MORRIS LLP**
Terrace 7
2801 Via Fortuna
Suite 200
Austin, TX 78746-7567
P: 512-277-2300
F. 512-597-0703
*BGreene@duanemorris.com*
*BThompson@duanemorris.com*

Ramsey Schultz
State Bar No. 24130391
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201
P: 214-257-7259
F: 512-692-2559
*RSchultz@duanemorris.com*

**ATTORNEYS FOR
DEFENDANT VIVINT LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record via ECF and electronic mail on this the 29th day of December, 2025.

*/s/ Gilbert A. Greene*
Gilbert A. Greene

22